Suzanne C. Marshall
SUZANNE MARSHALL LAW, P.C.
2050 Fairway Drive, Suite 205
Bozeman, Montana 59715
Telephone: (406) 582-1427

Jami L. Rebsom
JAMI REBSOM LAW FIRM
P.O. Box 670
Livingston, Montana 59047
Telephone: (406) 222-5963

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | | |
|---|---|---|
| KOHLER RODRIC KURTZ | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| -vs.- | ) | |
| | ) | |
| STEVE KUNNATH,  in his official | ) | **COMPLAINT AND DEMAND** |
| and individual capacities, MIKE LABATY, | ) | **FOR JURY TRIAL** |
| in his official and individual capacities, | ) | |
| JOHN DOE, in his official and | ) | |
| individual capacities, CITY OF | ) | |
| LIVINGSTON, MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Kohler Rodric Kurtz for his complaint against Defendants Steve Kunnath, Mike

Labaty, John Doe, and the City of Livingston, Montana, state and allege as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Montana, against Sergeant Steve Kunnath Officer Mike Labaty, John Doe, police officers of the City of Livingston, in their individual and official capacities and against the City of Livingston.

2. Plaintiff Kurtz alleges that Defendants Kunnath, Labaty, and Doe made an unreasonable search and seizure of his person, assaulted, battered, and falsely imprisoned him. Defendants Kunnath, Labaty and Doe did so by stopping Kurtz, without particularized suspicion, arresting him, physically restraining him and assaulting him by shoving his head into the sidewalk after he was restrained and in handcuffs.  Kunnath, Labaty and Doe did not have probable cause to arrest Mr. Kurtz for disorderly conduct or obstructing a peace officer. Kunnath, Labaty and Doe violated Mr. Kurtz' constitutional rights to be free from illegal search and seizure, his rights against self-incrimination, and his rights to be free from police harassment.

Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the City of Livingston, and that the City of Livingston is liable under the theory of *Respondent Superior* for the torts committed by Defendants Kunnath, Labaty and Doe.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §§1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. This Court

has supplemental jurisdiction over plaintiff's causes of action arising under the Montana state law pursuant to 28 U.S.C.A. § 1367.

4. Venue lies in the United States District Court for the Billings Division of the District of Montana because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Park County, Montana. 28 U.S.C. Ââ§ 1391(b)(2).

5. Divisional venue is in the Billings Division because the events leading to the claim for relief arose in Park County, Montana.

## PARTIES

6. Plaintiff Kohler Rodric Kurtz is an adult citizen and resident of the City of Livingston, Montana, at all times relevant to this action.

7. Defendant Steve Kunnath was an Officer with the Livingston City Police Department when the relevant events occurred. He is sued in his individual and official capacities.

8. Defendant Mike Labaty was an Officer with the Livingston City Police Department when the relevant events occurred. He is sued in his individual and official capacities.

9. Defendant John Doe is an unknown officer of the Livingston Police Department who arrived at the scene that gave rise to these claims for relief. He failed to take reasonable steps to end the unlawful conduct alleged in this complaint. He is sued in his individual and official capacities.

10. Defendant City of Livingston is located in Park County, Montana. It is a municipal corporation and the public employer of Defendants Kunnath, Labaty and Doe.

3

## BACKGROUND

### Facts Underlying Claims

11.     On October 23, 2018 at approximately 9:41 p.m. Sergeant Kunnath was dispatched to the Office Lounge due to an emergency call.  Upon arrival Kunnath was told a bar fight occurred, and all parties involved left the establishment.  Kunnath was told two men in dark clothing started the fight.  Sergeant Kunnath with the Livingston Police Department approached Plaintiff Kurtz, who was with his wife, and neither were wearing dark clothing. Mr. Kurtz and his wife were walking down Main Street without incident, provocation, or other reason to investigate their presence.

12.     When Mr. Kurtz and his wife chose to not engage in communications with law enforcement, Kunnath, Labaty and Doe, illegally seized and searched Mr. Kurtz.  Mr. Kurtz did not resist arrest, and in fact had done nothing to be arrested.  Mr. Kurtz had not committed the offense of disorderly conduct or obstructing a peace officer.

13.     Kunnath got angry and violent when Kurtz and his wife refused to subject themselves to police interrogation without reason.

14.     Kunnath violently and without cause arrested Kurtz, forced him onto his knees, handcuffed him, and when Kunnath looked to make sure no other officer or individual was looking, he violently, intentionally, threw Mr. Kurtz head to the sidewalk causing pain, bruising, and a concussion.

15.     Mr. Kurtz did nothing to deserve the violence caused by Kunnath.

16.     Kunnath was not aware, a bystander had video-taped the arrest of Kurtz and all the described events are recorded.

17.     Kunnath's police report on the incident is full of untruths in attempt to make

excuses for his violence.

18.     Kunnath's actions to Mr. Kurtz were Assault, and Battery, Unlawful Arrest, Kidnapping, and violations of Mr. Kurtz United States Constitutional, and Montana Constitutional rights, and were made with malice.

19.     Kunnath's charges against Mr. Kurtz were illegal, and he did not have probable cause and resulted in damages to Mr. Kurtz, including, medical costs, attorney fees and cost, and lost wages.

20.     Kunnath, Labaty and Doe cannot articulate any facts that Kurtz was or was about to be engaged in any sort of criminal activity or wrongdoing.   Kunnath, Labaty and Doe did not have particularized suspicion to stop Kurtz.

21.     Despite having no reason to make a stop, Kunnath, Labaty and Doe persisted and makes personal contact with Kurtz.  Kunnath then initiates an illegal and violent arrest of Kurtz without probable cause.

22.     Every police car for the City of Livingston is equipped with a video recording device.  Likewise, Kunnath, Labaty, and Doe were equipped with an audio recording device at the time of the stop.

23.     As a direct and proximate result of the acts of Defendants, Plaintiff Kurtz suffered the following injuries and damages:

        a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United Sates Constitution to be free from an unreasonable search and seizure of his person;

        b.     Loss of his physical liberty;

        c.     Intentional, offensive contact with his body;

d.      Fear of imminent peril resulting from an offer or attempt to injure him;

e.      Pain, bruising, and a concussion; and

f.      Lost wages, attorney fees and costs.

24.     The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiffs including Freedom from the unreasonable seizure of their persons.

25.     At all relevant times, Defendants Kunnath, Labaty and Doe were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Livingston, Montana and as agents of the State of Montana.

## COUNT I

### *42 U.S.C. §1983 Against Defendants Kunnath, Labaty, and Doe*

26.     Plaintiff re-alleges and incorporate by reference ¶¶ 1-29.

27.     Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against Defendants Kunnath, Labaty, and Doe for violation of his constitutional rights under color of law.

## COUNT II

### *False Imprisonment Against Defendants Kunnath, Labaty, and Doe*

28.     Plaintiff re-alleges and incorporate by reference ¶¶ 1-31.

29.     Defendants Kunnath, Labaty, and Doe falsely imprisoned Plaintiff Kurtz by unlawfully detaining him against his will. Defendant Kunnath had no reason to detain or search Plaintiff because he did not reasonably believe that Plaintiff had committed an offense. Defendants Labaty and Doe participated in the unlawful detention.

30.     As a result of Kunnath, Labaty and Does, acts of malice, Plaintiff is entitled to an

6

award of punitive damages against them.

## COUNT III

### *COUNT V 42 U.S.C. § 1983 Against City of Livingston*

31.     Plaintiff re-alleges and incorporates by reference ¶¶ 1-34.

32.     Prior to March 9, 2018, the Livingston Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Livingston, which caused the violation of Plaintiff's rights.

33.     It was the policy and/or custom of the Livingston Police Department to fail to exercise reasonable care in hiring its police officers, including Defendants Kunnath, Labaty and Doe, thereby failing to adequately prevent constitutional violations on the part of its police officers.

34.     It was the policy and/or custom of the Livingston Police Department to inadequately supervise and train its police officers, including Defendants Kunnath, Labaty and Doe, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

35.     As a result of the above described policies and customs, police officers of the City of Livingston, including Defendants Kunnath, Labaty and Doe, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36.     The above described polices and customs demonstrate a deliberate indifference on the part of the City of Livingston to the constitutional rights of persons within the City of Livingston, and were the cause of the violations of Plaintiffs' rights alleged herein.

## COUNT IV

*Respondent Superior of City of Livingston*

41.     Plaintiff re-alleges and incorporate by reference ¶¶ 1-40.

42.     Defendant City of Livingston is liable for the false imprisonment committed against Plaintiff Kurtz by Defendants Kunnath, Labaty and Doe. The City of Livingston employed the officers, who committed false imprisonment while acting in the scope of their employment.

43.     Defendant City of Livingston is liable for the continued prosecution of Plaintiff without probable cause to support the charges.

**COUNT V**

*Negligence-Defendants Kunnath, Labaty and Doe*

44.     Plaintiff re-alleges and incorporate by reference ¶¶ 1-48.

45.     Kunnath, Labaty, and Doe individually, and in their official capacities as police officers for the City of Livingston, Montana had a duty to follow the procedures and policies of the City of Livingston and the policies and procedures under Montana law, and the policies and procedures they were trained under or had continued training under.

46.     Kunnath, Labaty, and Doe breached their duty to follow the policies and procedures of the City of Livingston, the duty to follow policies and procedures of Montana Law and training manuals they were taught and instructed.

47.     Kunnath, Labaty, and Doe have a duty to uphold Montana law, and to not arrest individuals without probable cause.

48.     Kunnath, Labaty, and Doe breached their duty by arresting Kurtz for disorderly conduct without probable cause.

49.     Kunnath, Labaty, and Doe breached their duty when they failed to follow

training manuals as trained.

50.     Kunnath, individually, and in his official capacities acting as an officer committed the offense of assault and battery on Plaintiff Kurtz when he slammed Plaintiff Kurtz' head into the sidewalk after Mr. Kurtz was in the custody and control of Kunnath.

51.     Kunnath arrested Plaintiff Kurtz with unjustified and excessive force.

52.     Kunnath's actions, assault and battery, against Plaintiff Kurtz, was a breach of duty Kunnath owed to Plaintiff Kurtz.

53.     As a direct and proximate result of Kunnath, Labaty's and Doe's negligence, Plaintiff sustained physical injuries, including a concussion, lost wages, general and special damages in an amount to be determined at trial.

54.     Kunnath, Labaty, and Doe's actions constitute an exception to immunity based upon their unlawful arrest and continued pursuing of charges against Plaintiff without probable cause.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1.     For general damages in an amount to be determined at trial;

2.     For special damages in an amount to be determined at trial;

3.     For any allowable punitive damages;

4.     For reasonable attorney's fees and costs pursuant to 42U.S.C. Â§ 1988 and any other applicable provisions of law;

5.     For such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

DATED this 18th day of September 2020.

/s/ Suzanne Marshall
Suzanne C. Marshall
SUZANNE MARSHALL LAW, P.C.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

DATED this 18th day of September, 2020.

/s/ Suzanne Marshall
Suzanne C. Marshall
SUZANNE MARSHALL LAW, P.C.

10